Ex parte José María Franceschi et al., Petitioners and Appellees; López de Tord & Zayas Pizarro, Interveners and Appellants.

No. 6958. Argued March 4, 1935.—Decided March 12, 1935.

C. *López de Tord* and *V. Zayas Pizarro, in pro. per.*, for appellants. *Henry G. Molina* and *M. León Parra* for appellees.

Mr. Justice Aldrey delivered the opinion of the court.

The appellees maintain that this appeal is frivolous and have asked us to dismiss the same. Attorneys López de

Tord and Zayas Pizarro, constituting a law firm, in their own right took the present appeal from an order of the District Court of Ponce, which directed the Registrar of Property of Ponce to cancel in his judgment record the entry made by him of the judgment amounting to $40,000 which the said attorneys obtained against the appellees.

The attorneys having a claim for money against the heirs of Francisco María Franceschi in the proceeding for judicial administration of the estate of the deceased, the District Court of Ponce fixed in the sum of $50,000 the amount of the security to be given by the heirs to secure the payment of the claim of said attorneys. As a result of a motion presented by the heirs offering a security for the $50,000 and during the hearing thereof, the parties presented the following stipulation: "Attorney Zayas Pizarro.—The parties stipulate that the judicial administration be limited to a certain number of properties that we are going to stipulate and that the same shall respond to the claim of the inter-veners, López de Tord and Zayas Pizarro, in conformity with the bond fixed by this court. As regards the remaining property, the same may be delivered by the judicial administrator to the heirs without any liability, as it belongs no longer to the judicial administration and the heirs may do with it as they please. The judicial administration shall continue solely in connection with the liquidation of the claim of the above-named interveners; and the judicial administrator shall join in the offer made by the heirs of Franceschi and, as such judicial administrator, shall continue defending the estate of Franceschi in connection with the claim of the interveners, López de Tord and Zayas Pizarro in conformity with the judgment of the Supreme Court of Puerto Rico of November 7, 1933, rendered in certiorari proceeding No. 898, and that the corresponding entry be made in the registry in respect of the properties to which the offer of the heirs of Franceschi refers. Mr. Zayas Pizarro makes clear that when reference is made above to the bond fixed by

the court, this does not mean that the properties to be encumbered should have a value of $50,000 but only that properties should be left in the hands of the administrator to secure the said $50,000. . ." In accordance with this stipulation the court decreed that the judicial administration be limited solely to two urban properties, four mortgage credits and a mortgage, which were described; that each and every one of said properties should continue under judicial administration to respond to Messrs. López de Tord and Zayas Pizarro for an amount up to $50,000 claimed by them; that the order of the court be recorded in the registry of property on the inscriptions pertaining to each and every one of said properties and that the remaining properties belonging to the estate of Francisco María Franceschi, except those left as security, be delivered by the judicial administrator to the testamentary heirs of said Mr. Franceschi. The above order was recorded in the Registries of Property of San Juan and of Ponce on the properties described.

Subsequent to that stipulation and order, López de Tord and Zayas Pizarro obtained a judgment in their favor for $40,000, and on November 27, 1934, they recorded the same in the judgment record of the Registry of Property of Ponce, thereby creating a lien for the term of five years upon all the present and future immovable property of the appellees, not exempted from execution, situated in the district where such judgment was recorded, and upon the immovable property which the defendants might thereafter acquire in such district, in conformity with the Act of March 8, 1906 (Code of Civil Procedure, 1933 ed., page 93.) The heirs of Franceschi then requested that the court order the registrar of property to cancel the record of said judgment because the security given to answer for the claim of López de Tord and Zayas Pizarro had been limited by stipulation to the properties of the estate described in said order of the court, the remaining properties of the estate being exempted. López de Tord and

Zayas Pizarro have taken the present appeal from the order of the court of April 26, 1934, sustaining said motion.

Although the said Act of 1906 provides that when the abstract of a judgment containing the requisites specified in the same act is presented to the registrar of property for record, he shall immediately record it in the judgment record provided by said act, nevertheless, courts have inherent jurisdiction to order, in the furtherance of justice, the cancellation of the record made, if for any legal reason such record was not proper.

From the foregoing facts it clearly appears that López de Tord and Zayas Pizarro agreed before the court below that the money claim they had pending against the heirs of Francisco María Franceschi in the proceeding for judicial administration of the estate of the deceased, be secured with certain properties which were specified, and that the remaining property be delivered to the heirs in order that the latter might do with them as they pleased, thus limiting the security of their claim to those properties, notwithstanding the fact that they knew that, according to law, if judgment was rendered in their favor they could record it against all the present and future property of the defendants for a term of five years. They chose, however, to limit their security to certain property, and by virtue of the stipulation which they accepted they are not now entitled to have their judgment secured with other property of the debtors, and under the circumstances have no right to record the judgment against all the properties of the appellees.

For the reasons stated, this appeal is frivolous and should be dismissed.